## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, an individual,

    Plaintiff,        CASE NO.:

v.

AFP 103 CORPORATION d/b/a
DOUBLETREE MIAMI AIRPORT HOTEL,
a Nevada corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendant, AFP 103 CORPORATION d/b/a DOUBLETREE MIAMI AIRPORT HOTEL (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2.  Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3.  At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of the State of Florida.

4.      Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

5.      Defendant, AFP 103 CORPORATION d/b/a DOUBLETREE MIAMI AIRPORT HOTEL, is a Nevada corporation, authorized to doing and doing business in the Southern District of Florida; specifically, Defendant operates the Doubletree Hotel Miami Airport, located at 711 NW 72 Ave., Miami, Florida (referred to herein as the "Subject Property").

6.      All events giving rise to the instant action occurred in Miami, Florida.

7.      Venue is proper in the Southern District of Florida in that the Subject Property is located in the State of Florida, County of Miami-Dade.

## COUNT I
## VIOLATIONS OF THE ADA

8.      Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

9.      On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

10.      Congress specifically found, *inter alia*, that:[1]

a.      Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.      Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

c.       Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.       Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.       The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11.       Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)       Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)       Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii)       Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

12.     The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

13.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

14.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15.     Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

16.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

17.     On September 4, 2020, Plaintiff visited the Subject Property, which is located approximately eight miles from Plaintiff's home. At the Subject Property, Plaintiff encountered the following violation of the ADA and ADAAG:

   a. INSULATION OF PIPES AND WATER LINES NOT PROVIDED AS REQUIRED UNDER LAVATORIES IN MEN'S RESTROOM LOCATED IN HOTEL LOBBY.

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

     b. NON-COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN THE FOURTH OF FOUR (ACCESSIBLE) TOILET COMPARTMENTS IN MEN'S RESTROOM LOCATED IN HOTEL LOBBY.

     c. INACCESSIBLE TRAVEL PATH LEADING TO POOL.

     d. EXISTING STEPS AT TRAVEL PATH TO POOL ACTS AS A BARRIER TO ACCESSIBILITY.

     e. REQUIRED RAMP NOT PROVIDED FOR STEPS AT TRAVEL PATH LEADING TO POOL.[6]

18. In addition, on information and belief, the Subject Property is in further violation of the ADA and ADAAG, by virtue of the following barriers to access applicable to Plaintiff's disability:

     a. HEIGHT OF BAR LOCATED IN LOBBY EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

     b. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR LOCATED IN LOBBY.

     c. PORTION OF BAR LOCATED IN LOBBY REQUIRED TO BE ACCESSIBLE IS NOT PROVIDED.

     d. INACCESSIBLE DINING TABLES LOCATED AT LOBBY.

     e. NON-COMPLIANT HEIGHT OF DINING TABLES LOCATED AT LOBBY EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

     f. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT LOBBY.

---

[6] Unable to reach the pool area by wheelchair, Plaintiff asked where the ramp to the pool was. Plaintiff was led to a ramp which appeared based on signage to be for an exit door. The ramp did lead to the pool, but there was no directional signage to so indicate. Plaintiff was also unable to open the pool gate.

g. MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT LOBBY.

h. NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET SEAT OF WATER CLOSET IN THE ACCESSIBLE TOILET COMPARTMENT IN MEN'S RESTROOM LOCATED IN HOTEL LOBBY.

i. INACCESSIBLE SERVICE COUNTER UNDER AIRPORT FLIGHT INFORMATION SCREEN LOCATED IN LOBBY.

j. SERVICE COUNTER UNDER AIRPORT FLIGHT INFORMATION SCREEN LOCATED IN LOBBY EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

k. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT POOL AREA.

l. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT POOL AREA.

m. BAR LOCATED AT POOL AREA EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

n. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR LOCATED AT POOL AREA.

o. PORTION OF BAR LOCATED AT POOL AREA REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

p. NON-COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET SEAT OF WATER CLOSET IN THE

ACCESSIBLE TOILET COMPARTMENT IN THE MEN'S RESTROOM LOCATED IN THE SOUTH FOYER BALLROOM.

q.  NON-COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN THE ACCESSIBLE TOILET COMPARTMENT IN THE MEN'S RESTROOM LOCATED IN THE SOUTH FOYER.

r.  HEIGHT OF SOAP DISPENSER IN THE FOURTH OF FOUR TOILET COMPARTMENTS IN THE MEN'S RESTROOM LOCATED IN THE SOUTH FOYER BALLROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

s.  HEIGHT OF COAT HOOK IN THE ACCESSIBLE TOILET COMPARTMENT IN THE MEN'S RESTROOM LOCATED IN THE SOUTH FOYER BALLROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

t.  THE MIAMI MERCHANDISE MALL, WHICH APPEARS TO BE A PART OF THE SUBJECT PROPERTY, HAS ADA AND ADAAG VIOLATIONS THROUGHOUT THE VARIOUS SHOPS, FOOD COURT, AND RESTROOMS. UPON FURTHER DISCOVERY, AND AS AND IF APPROPRIATE IN THIS CASE, PLAINTIFF WILL SEEK REMEDIATION OF ALL SUCH VIOLATIONS AS WELL.

19.     This is not intended as a complete list of ADA and ADAAG violations at the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

20.     Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

7

21.     Plaintiff intends to visit the Subject Property again in the future (upon Defendant'
compliance with an Order of this Court requiring that Defendant remedy the subject ADA
violations), as a tester of ADA compliance, in order to utilize goods, services, facilities, privileges,
advantages and/or accommodations offered at the Subject Property; however, in light of his
disabilities, unless and until the Subject Property is brought into compliance with the ADA and its
implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the
Subject Property and/or the goods, services, facilities, privileges, advantages and/or
accommodations offered therein.

22.     As a result of the foregoing, Defendant has discriminated against Plaintiff and
others with disabilities, by denying full and equal enjoyment of, the goods, services, facilities,
privileges, advantages and/or accommodations of the Subject Property. Defendant' discrimination
is specifically prohibited by 42 U.S.C. § 12182, *et seq*. Such will continue unless and until
Defendant is compelled by this Court to remove all physical barriers upon the Subject Property
which violate the ADA and ADAAG, including but not limited to those specifically set forth
herein, and to make the Subject Property, accessible to and usable by persons with disabilities.

23.     This Court is vested with authority to grant injunctive relief, including entry of an
Order requiring alteration and modification of the Subject Property, and/or alteration and
modifications to Defendant' policies and procedures, so as to make the Subject Property readily
accessible to and useable by individuals with disabilities to the extent required by law.

24.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this
action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all
of which are recoverable against the Defendant.[7]

---

[7] 42 U.S.C. §§ 12205, 12117

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a)      A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;

b)      An Order requiring Defendant to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required by Title III of the ADA;

c)      An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business until Defendant remove all violations under the ADA, including but not limited to the violations set forth herein;

d)      An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

e)      For such other and further relief that this Court deems just, necessary and proper.

DATED this **14th** day of **January,** 2021.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
633 S. Andrews Ave., Ste. 500
Fort Lauderdale, FL 33301
PH: (954) 745-0588

By:   */s/ Nolan K. Klein*
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com